UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RICHARD F. RAY, RECEIVER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-CV-49 |
| | ) | |
| CRYSTAL HONEYCUTT, | ) | |
| SEAN MARTIN, | ) | |
| BRYAN ELDER | ) | |
| d/b/a ELDER CATTLE FARMS | ) | |
| and / or ELDER BOY FARMS, | ) | |
| ERNIE ELDER | ) | |
| d/b/a ELDER CATTLE FARMS | ) | |
| and / or ELDER BOY FARMS, | ) | |
| PEOPLE'S BANK AND TRUST | ) | |
| COMPANY OF | ) | |
| PICKETT COUNTY, INC., | ) | |
| PEOPLE'S BANK AND TRUST | ) | |
| COMPANY OF | ) | |
| CLINTON COUNTY, INC., | ) | |
| MIKE GRAY, | ) | |
| KEN NELSON, | ) | |
| DON HODGE, | ) | |
| BOB MARTIN, | ) | |
| MIKE HAGIE, | ) | |
| and | ) | |
| GLENN S. MARTIN, JR. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT OF THE PARTIES PLANNING MEETING**

1. The following persons participated in a Rule 26(f) conference on Wednesday

May 11, 2016 by telephone conference:

    (a). Ryan E. Jarrard, representing the Plaintiff;
    (b). Thomas H. Dickenson, representing People's Bank and Trust Company of
    Pickett County & People's Bank and Trust of Clinton County;
    (c). Jerry Laughlin, representing Mike Hagie;

(d). Tony R. Dalton, representing Ernie and Bryan Elder;

(e). Joseph O. McAfee, representing Mike Gray.

2. The Parties will complete by June 25, 2016 the initial disclosures required by Rule 26(a)(1).

3. Discovery Plan. The Parties propose the following discovery plan:

(a). Discovery will be needed on the allegations contained in the complaint, and the affirmative defenses raised in the answers of the defendants that have filed answers at the time this report is filed.

(b). The parties propose that discovery commence on June 25, 2016 after the completion of the initial disclosures and end 60 days before the trial date.

(c). No modifications to Fed. R. Civ. P. 33 are anticipated by the Parties.

(d). No modifications to Fed. R. Civ. P. 36 are anticipated by the Parties.

(e). The Parties do not require a limitation on the number of depositions to be taken.

(f). No modifications to Fed. R. Civ. P. 30(d) are anticipated by the Parties.

(g). The Parties request that an expert disclosure cut off be set no more than 120 days before the trial date.

(h). No modifications to Fed. R. Civ. P. 26(e) are anticipated by the Parties.

4. Settlement:

(a). The Plaintiff has already settled with Ken Nelson and Bob Martin. Settlement negotiations are ongoing with Mike Hagie, and the parties believe these will be completed within the next 30 days.

(b). The Plaintiff and People's Bank and Trust Company of Pickett County & People's Bank and Trust of Clinton County have attempted to settle without success.

(c). The Plaintiff will attempt to settle with the Elder Defendants and Mike Gray. The prospects of settlement with these defendants are unknown at this time.

(d). The Plaintiff intends to pursue default judgments against the other remaining defendants.

5. Other Items:

(a) The Plaintiff asserts claims of fraud, conversion, trespass to personalty, conversion, fraudulent conveyance, and conspiracy as it relates to Glenn S. Martin's attempts to sell hide and otherwise divert assets that are part of the receivership created in USA v. Glenn S. Martin Jr., United States District Court No. 2:93-cv-317. The Plaintiff asserts that the defendants were directed by Glenn S. Martin, Jr. to sell, hide and otherwise divert assets that are part of the receivership. The Plaintiff asserts claims against People's Bank and Trust Company of Pickett County & People's Bank and Trust of Clinton County under the theory that the Elder defendants were the employees and acting in the course and scope of their employment at the time the tortious acts were committed.

Defendants Ernie Elder and Bryan Elder have filed a general denial and assert the affirmative defenses of good faith, that the plaintiff abandoned assets, accord and satisfaction, and the unclean hands of the plaintiff.

People's Bank and Trust Company of Pickett County & People's Bank and Trust of Clinton County have filed a general denial and assert the affirmative defense of the complaint fails to state a claim upon which relief can be granted, that the Plaintiff does not have an interest is the property that is the subject of the complaint, and that the Elder defendants were not acting in the course and scope of their employment during the acts mentioned in the compliant.

Mike Gray has filed a general denial and asserts the affirmative defenses the complaint fails to state a claim upon which relief can be granted and the contributory negligence of the plaintiff.

The Plaintiff and Mike Hagie are currently negotiating a settlement agreement, and as a result, the Plaintiff has agreed to extend Mr. Hagie's answer deadline with court approval.

(b) The Parties have conferred and in good faith state that the case should be ready for trial in eighteen months and request a trial date to be set after that period of time. The Parties are aware that most cases only require twelve months to be ready for trial, but this case will have a large amount of witnesses and documents that will extend the discovery process. Due to these issues, the parties also estimate that the case will take two (2) weeks to try.

(c). The Parties cannot agree at this time to the consent of exercise of jurisdiction by a magistrate judge.

(d). The Parties believe that the disclosures or production of documents in this case will be limited to data reasonably available to parties in the ordinary course of business. The parties also agree that when available, documents will be made available in electronic format on compact disc or other comparable method.

At this time, the Parties believe that reasonable measures have been taken to preserve potentially discoverable data. The Parties do not anticipate any problems will occur in connection with electronic or computer based discovery. To the extent that it becomes relevant, the Parties agree they will exchange the name of the person responsible for each Parties' document retention policies. The Parties agree that all discovery requests shall be made to each side's respective counsel of record.

Respectfully submitted,

/s/ Ryan E. Jarrard
Ryan E. Jarrard, Esquire
BPR No. 024525
**Quist, Cone & Fitzpatrick PLLC**
2121 First Tennessee Plaza
800 South Gay Street
Knoxville, TN 37929-2121
(865) 524-1873
Attorney for Plaintiff
rej@qcflaw.com

/s/Tony R. Dalton
Tony R. Dalton,
BPR No. 014812
**Woolf, McClane, Bright, Allen & Carpenter, PLLC**
900 South Gay Street, Suite 900 P.O. Box 900
Knoxville, TN 37901
865-215-1000 865-215-1001 (fax)
Attorney for Ernie Elder & Bryan Elder

/s/ Thomas H. Dickenson
Thomas H. Dickenson (BPR No. 006844)
**Hodges, Doughty & Carson, PLLC**
PO Box 869
Knoxville TN 37901
(865) 292-2307
Attorney for People's Bank and Trust Company for Pickett County and People's Bank and Trust Company for Clinton County
tdickenson@hdclaw.com

/s/ Joseph McAfee
_____
Joseph O. McAfee, BPR No.029291
**McAfee & McAfee, PLLC**
128 S. Main St., Ste. 103
Greeneville, TN 37743
Phone: (423) 972-4391
Fax: (423) 972-4741
Attorney for Defendant Mike Gray
Email: joseph@mcafeeattorneys.com

/s/ Jerry Laughlin
Jerry W. Laughlin, BPR No. 002120
**Laughlin, Nunnally, Hood & Crum, PC**
100 South Main Street
Greeneville, TN  37743
Phone:  423-639-5183
Fax:  423-639-6154
Attorney for Mike Hagie
Email:  jlaughlin2@rlnhc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the ____25th__ **of May 2016**, a copy of the foregoing **Report** was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.    Parties may access this filing through the Court's electronic filing system.

/s/ ***Ryan E. Jarrard***
Ryan E. Jarrard, BPR 024525